May Term,
1845.

OLMSTED
v.
M'NALL.

</div>

---

OLMSTED and Another *v.* M'NALL and Another.

<div style="text-align:right">7b 387<br>126 319</div>

The statute respecting the liens of mechanics and others on buildings, embraces floating wharves for receiving, storing, and forwarding merchandize.
The statute giving a lien on boats and other vessels for construction, repairs, &c., applies exclusively to vessels intended for navigation.

ERROR to the *Vanderburgh* Circuit Court.

<div style="text-align:right">

Monday,
June 2.

</div>

SULLIVAN, J.—The bill in this case was filed by the complainants, to enforce a lien for materials furnished by them for the construction of a building erected by the defendant, *M'Nall*, at the wharf at *Evansville*. The bill states, that the materials were furnished "for a building with perpendicular walls and a shingled roof, to be used by the said *M'Nall*, at the *Evansville* landing, as a floating but stationary warehouse and forwarding and commission house, and also as a steam-boat wharf, and for the sale of boat-stores, and occupying a space of 100 feet along the bank of the river, which *M'Nall* held by lease from year to year." The suit was commenced under the 42d chap. art. 1, part 3d, of the Rev. Stat. 1843, p. 776, regulating the liens of mechanics and others on buildings. The bill was filed, and the notice required by the statute was filed and recorded, within the prescribed periods. *Gilbert*, who had a lien on the building for

labour bestowed on its construction, was made a defendant. On motion of the defendants, the Court dismissed the bill.

The ground assumed in defence of the judgment of the Circuit Court is, that the building is not such a one as is contemplated by the statute under which the proceedings in the cause were commenced. It is said that the lien, if one exists at all, should be enforced under the statute giving a "lien upon boats and other vessels for construction, repairs, and supplies." Rev. Stat. 1843, p. 778. The only question in the case then is, whether the statute regulating the liens of mechanics and others on buildings above referred to, applies to the floating wharves so common on our rivers, used for receiving, storing, and forwarding merchandize.

The statute enacts, that "carpenters, joiners, &c., lumber merchants, and all others performing labour, or furnishing materials, for the construction or repair of any building, shall and may have a lien, separately or jointly, on the building or buildings which they may have constructed or repaired, or for which they may have furnished materials of any description, to the extent of the value of any labour done or materials furnished," &c. The words of the statute are very broad, and the only doubt as to its application to the case before us arises under the 12th section of the act. That section provides, that when the claims of the parties entitled to recover shall be ascertained, the Court shall render a decree for the amount of each claim against the owner of the building, and direct the house, and *interest of the employer in the lot*, to be sold. It is contended that the language of the statute just cited contemplates only such buildings as are erected on, and permanently attached to, the realty. We do not doubt but that the mind of the legislature was primarily directed to such buildings, but we see no sufficient reason for saying that it was exclusively so. The case before us is manifestly an exception, otherwise injustice may be done. If the statute under which these proceedings were commenced does not give the complainants a lien, there is no law that does. The building, although not erected on the lot, is attached to it; and the employer had such an interest in it as might be sold on execution. The statute, being remedial, should receive such a construction as most effectually to meet the beneficial end in view, and to prevent a failure of the remedy.

The 2d art. of the chap. referred to, giving a lien on *boats,* &c., does not embrace such a building as that described in the bill. It applies exclusively to vessels intended for navigation, as is evident from the provision it makes for mariners' and boatmen's wages, for the service of process on the clerk or other officer of the boat, from the remedy it provides for labour bestowed on boats, built or repaired without the jurisdiction of the state, but which may come within it, &c.

For the foregoing reasons, we think the building mentioned in the record is embraced by the statute under which this suit was commenced, and that the Court erred in dismissing the bill.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*C. I. Battell,* for the plaintiffs.

*C. Baker,* for the defendants.