## MYERS *v.* DODD.

It is competent for the legislature to declare that an action shall not be maintained for a trespass committed by cattle, in favor of the owner of lands not securely fenced.

Section 2, 1 R. S. p. 292, applies only to outside fences.

The parties to a partition fence, are equally bound to maintain·such fence; either may repair it, and enforce contribution under the statute; and where neither does so, the common-law rule, that the owner of cattle is bound to confine them upon his own land, applies between them.

Saturday,
June 6.

APPEAL from the *Lawrence* Court of Common Pleas.

GOOKINS, J.—The facts appearing in evidence, and by the verdict, were, that *Dodd* and *Myers* were adjoining land owners. Their lands had been separated by a partition fence; but a part of it had been carried away by high water, about a year before the trespass complained of, and it was otherwise dilapidated. *Myers* being aware of the condition of the fence, turned his cattle in upon his adjoining close, whence they escaped into the field of *Dodd,* and destroyed his corn; for which injury *Dodd* brought this action, and recovered.

The question of *Myers's* liability upon this state of facts is reserved upon instructions, and upon a motion for a new trial.

We have a statute concerning enclosures, trespassing animals, and partition fences (1 R. S. p. 292), the first section of which defines a lawful fence to be such as good

husbandmen generally keep.    The second section provides that if any domestic animal break into an enclosure, the person injured thereby shall recover the amount of damage done, if it shall appear that the fence through which the animal broke was lawful; but not otherwise.    Partition fences are to be equally maintained by both parties.    If either party shall fail to contribute his proportion, the other may, upon notice, have the requisite amount assessed; and if upon notice of the assessment, he shall still fail, the other may make the repairs, and recover from him the amount he should have contributed, with 10 per cent. damages.    1 R. S. *sup.* ss. 15, 16, 17.

Another statute provides that the board of commissioners of each county, by an order to be entered upon their records, shall direct what kind of animals shall be allowed to pasture or run at large upon the unenclosed lands or public common, within the bounds of any township in their respective counties.    1 R. S. p. 102.

A question has been raised whether the legislature has any power to grant the privilege of pasturing cattle upon unenclosed lands, without the consent of the owner; and this inquiry might be extended to commons and highways, as well as to other lands, the fee of which generally remains in the owner of the adjoining close, subject to the public easement (1).

We do not think it necessary to decide this question at present, because, admitting the non-existence of the power in question, there are certain purposes for which cattle may go at large—as when driven in teams or droves—and in view of this fact, it is competent for the legislature to declare that an action shall not be maintained for a trespass committed by them, in favor of the owner of lands not securely fenced.    It may be regarded as a kind of police regulation in respect to cattle, founded on their well known propensity to rove.    See *Page* v. *Hollingsworth*, 7 Ind. R. 317.

We have had statutes of this kind in force at least since 1824, and perhaps longer.    These considerations are sufficient to give an effective operation to the second section

May Term,
1857.

MYERS
v.
DODD.

of the statute above quoted, when applied to outside fences, and we are of the opinion that it applies solely to them: and consequently, that the prohibition in that section against maintaining an action in the absence of a lawful fence, does not apply to this case.

The common-law rule, in the absence of any statute controlling it, is that the owner of cattle is bound to confine them upon his own lands. *Williams* v. *The New Albany and Salem Railroad Company*, 5 Ind. R. 111.—*The Lafayette and Indianapolis Railroad Company* v. *Shriner*, 6 *id.* 141.—*Page* v. *Hollingsworth, supra* (2). We think there is no statute controlling the common-law rule, so far as this case is concerned. Both parties were equally bound to maintain the partition fence. Either might have repaired it, and enforced contribution from the other; but neither having done so, they stood upon their respective common-law rights and obligations. This required *Myers* to keep his cattle at home. Having violated that rule, he was liable for the trespass committed by them.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*S. W. Short*, for the appellant (3).

*N. F. Malott*, for the appellee (4).

(1) This question was sought to be raised in *Hoover* v. *Wood, ante*, 286.

(2). See, also, *The Indianapolis, &c., Railroad Company* v. *Kinney*, 8 Ind R. 402; *Hoover* v. *Wood, ante*, 286.

(3) Counsel for the appellant cited *Seely* v. *Peters*, 5 Gilm. 130; *Kerwhaker* v. *The Cincinnati, &c., Railroad Company*, Am. L. Reg. for *April*, 1855, p. 341; *Melody* v. *Reab*, 4 Mass. R. 471; *York* v. *Davis*, 11 N. Hamp. R. 241; *Page* v. *Olcott*, 13 *id.* 399.

(4) Counsel for the appellee cited authorities to the following points:

1. It is a general rule of law that the owner of domestic animals is not liable for injuries committed by them, unless knowledge of their vicious propensity is averred and proved against him. 9 Bac. Abr. tit. Trespass.—*Vrooman* v. *Lawyer*, 13 Johns. 339.—*Kinkley* v. *Emerson*, 4 Cow. 551.—*Van Leuven* v. *Lyke*, 1 Comst. 315.

2. If, however, the animals are unlawfully in the close of another, and commit mischief there, the owner is liable, without a *scienter* being alleged and proven against him. *Angus* v. *Radin*, 2 South. 815.—*Dolph* v. *Ferris*, 7 Watts and Serg. 367.—*Van Leuven* v. *Lyke, supra*.