McKEEVER ET AL. V. JENKS ET AL.

1. **Fence Viewers:** JURISDICTION: STATUTE CONSTRUED. Section 1490–1492 of the Code, and section 2, chapter 106, acts of 1876, clothe the fence viewers with jurisdiction to decide upon the sufficiency of a hedge and its value, and their decision upon questions within their jurisdiction is conclusive.

2. **Practice:** ERROR WITHOUT PREJUDICE. When the very issues excluded by sustaining a demurrer, though erroneously, to one count of an answer, were pleaded in another count, and presented to the jury by proper instructions and a special verdict was rendered thereon, *held* error without prejudice to the defendant, and no ground for reversal.

3. **Fences:** RECOVERY FOR HEDGE: STATUTE CONSTRUED. The language of section 2, chapter 106, acts of 1876, is not to be so construed as to defeat recovery for the value of one-half of a hedge merely because at some points on the line, on account of the nature of the ground, a hedge could not be grown for short distances.

4. **Evidence:** VARIANCE. When plaintiff claimed to recover the value of half the hedge, alleging the value of the whole to be $237.50, and the evidence was that the fence viewers found the value of the half which defendant was required to pay for and maintain to be $118.50, *held* no variance between pleading and proof.

5. **Practice in Supreme Court:** OBJECTIONS NOT ARGUED. Where counsel fail to present in argument objections to the rulings of the trial court in refusing instructions, this court will not consider such objections.

6. ——: DEFENSE NOT MADE BELOW WAIVED. Matter of defense which was not presented to the trial court must be deemed to have been waived, and cannot first be urged in this court.

7. **Constitutional Law:** STATUTE AS TO FENCE VIEWERS. The statutes under which the fence viewers acted in this case are not unconstitutional as depriving persons of their property without due process of law, but were enacted by the legislature in the exercise of its proper authority to provide special tribunals to determine the rights of parties under appropriate rules applicable thereto.

*Appeal from Clarke Circuit Court.*

WEDNESDAY, SEPTEMBER 20.

ACTION to recover one-half of the value of a hedge grown by plaintiffs upon the line of their land, which constitutes a division fence between plaintiffs' and defendants' lands. There was a verdict for plaintiffs and a judgment rendered

thereon, from which defendants appeal. The facts of the case appear in the opinion.

*Stuart Bros.* and *McIntire Bros.*, for appellants.

*Temple & Talman* and *John Chaney*, for appellees.

BECK, J.—I. The petition alleges that plaintiffs "built a good and substantial hedge fence," on the line of their land, constituting a division fence between it and land owned by defendants, which was then uninclosed and unimproved; that subsequently defendants inclosed their land and joined their fences to plaintiffs' hedge; that the fence viewers of the township, upon plaintiffs request, after notice to defendants, did inspect the hedge and ascertain its value and that defendants were notified of the award by plaintiffs, who demanded payment for the fence. The plaintiffs claim to recover in this action double the value of one half of the fence as fixed by the award. The defendants answered the petition denying generally all its allegations, and subsequently filed two separate amendments thereto which are in the following language.

"FIRST AMENDMENT TO ANSWER.

"2. They say that they are, and were long before the proceedings referred to before the fence viewers, the owners of one-half of the said fence; that the said A. McKeever built such portion of said fence as has been built by him under and by virtue of a contract with the prior owner of the land that now belongs to the defendants; that he was fully paid for all the work done by him and that the title and ownership of the one-half of said fence passed to these defendants upon purchasing said land.

"3 That said fence is wholly worthless and a damage to the owner of the land on either side thereof and of no value whatever, but an injury.

"4. Defendants claim the right to introduce evidence and

be heard upon the foregoing defense. That they claim also their right to trial by jury therein. That before the said fence viewers they asked permission to plead and to introduce evidence upon the foregoing and other issues which was refused them entirely by said tribunal.

"That they also ask that the plaintiffs be put upon proof of their claim and the facts necessary to be ascertained before the said plaintiffs would have any right to recover, but that said board without evidence of any kind upon any point, and after refusing to consider or hear any and all evidence, made the findings set forth."

### "SECOND AMENDMENT TO ANSWER.

"1.   That the law and statute under which said fence viewers acted is unconstitutional in this: it deprives a person of, in any manner, being heard in court; it deprives a person of property without a day in court; it deprives a person of a trial by jury, which defendants demand upon the issues herein presented.

"2.   Defendants further plead, by way of defense, that there never was, nor is there at this date, a hedge fence of the kind and character required by law; that there never was, nor is there at this date, a hedge fence of any kind upon the line maintained by plaintiffs, and for this cause said hedge fence viewers had no jurisdiction to act.

"3.   That said fence viewers acted without authority in law.

"4.   That said plaintiffs, long prior to the date said fence viewers acted, had been paid in full for said hedge fence, and had received full compensation for the same.

"5.   That by reason of the fact of contract of purchase and payment, these plaintiffs are estopped from urging payment a second time, as is being done by this prosecution."

. . To these answers plaintiffs demurred, and the abstract shows that the demurrer was sustained as to the 3d and 4th counts of the first amendments, and to the 3d, 4th, and 5th, counts

McKeever v. Jenks.

of the second, and was overruled as to the other counts of the answer. The decision upon the demurrer is complained of and the assignments of error assailing it will be first considered.

II. The fence viewers in this case determined the sufficency of the hedge and its value. The statute clothes them 1. FENCE viewers: jurisdiction: statutes construed. with jurisdiction to decide upon these matters. Code, §§ 1490–2; Acts 1876, chap., 106, § 2. Their decision upon questions within their jurisdiction is conclusive. *Bills v. Belknap*, 38 Iowa, 225. The 3d and 4th counts of the first amended answer, and the 3d count of the second, deny the conclusiveness of the decison of the fence viewers. The demurrer as to these counts was properly sustained.

III. The 2nd count of the first amendment, and the 4th and 5th, of the second, allege that plaintiffs had been 2. PRACTICE: error without prejudice. paid for the hedge. The demurrer as to the 2nd count of the first amendment was overruled and was sustained as to the 4th and 5th count of the second. There is patent inconsistency in this decision as it is stated in the abstract. The court in the 11th and 15th instructions directed the jury to determine whether the plaintiffs had been paid for growing the hedge, or had grown it under a contract with the owner of the adjoining land, and if they should so find, plaintiffs cannot recover. There was evidence upon the issue thus presented to the jury, upon which, in special findings, as well as in the general verdict, they found for plaintiff. We are inclined to the opinion that the statement in the abstract to the effect that the demurrer was sustained as to the 4th and 5th counts of the first amended answer appear through mistake. But if the ruling was made as stated in the abstract, no prejudice resulted to defendants. The very issues excluded thereby were pleaded in another count of the answer and presented to the jury by proper instructions and a special verdict returned thereon.

IV. It is insisted by defendants that the 10th instruction given by the court is erroneous, for the reason that no evi-

dence was offered tending to show that defendants joined their fence to plaintiffs' hedge. But this objection is not based upon facts. There is such evidence in the record.

V. The 7th instruction given to the jury is, in effect, that plaintiffs are entitled to recover, although for short dis-

3. FENCES: recovery for hedge: statute construed.

tances, it was impracticable, on account of the condition of the ground, to grow the hedge. This instruction defendants insist is erroneous and base their objections upon section 2, chapter 106, acts 1876, which provides that " when any person builds a hedge on the *entire line* between his own, and uninclosed land, " he may recover the value of one-half the hedge when the adjoining land is inclosed.

The language of this statute is not to be so construed as to defeat recovery by plaintiffs on the ground that at some point on their line a hedge could not be grown for a short distance. The purpose of the statute is to regulate the compensation when a hedge is grown upon a part of his line, and a fence erected upon the other part by the land owner. In such a case he could not claim compensation for the fence at the same rate as the hedge. The fence and hedge in settling the rights and obligations of the parties to pay for and maintain them, are to be separately considered. Hedges cannot be grown in sloughs, and for this reason it is a common thing that, for a short distance along a line the hedge plant is not cultivated. Its place is supplied at such points by other kinds of fences. It surley is not the purpose of the statute to deprive the owner of the hedge of compensation for the reason that it cannot be grown for short distances on account of intervening sloughs.

VI. The statute authorizes " the maker of the hedge to select his own half thereof," the other half is to be paid for

4. EVIDENCE: variance.

by the adjoining owner when he incloses his land. Acts 1876, chapter 106, § 2; Code, § 1498. The plaintiffs in their petition claim to recover the value of one-half of the fence, alleging the whole value to be $237.50.

The evidence shows that the plaintiffs selected the north half of the hedge, and the fence viewers found the value of the south half to be $118.50. Upon these facts defendants insist that there is a variance between the petition and proof.

The position is not well taken. The plaintiffs are entitled to recover the value of the part of the hedge which under the statute the defendants are required to pay for and maintain. This they claimed and the proof supported their petition.

VII. Thirteen instructions were asked by defendants. The rulings of the court refusing them are assailed in a body in one assignment of errors which does not point out the objections relied upon. Counsel do not argue these instructions, but content themselves

5. PRACTICE in supreme court: objections not argued.

by referring to the exception taken in the court below for the grounds upon which they base their position that the instructions should have been given. Upon turning to these exceptions we find that they allege each instruction should have been given "because it is the law and is applicable."

Counsel fail to present in argument objection to the rulings of the court in refusing the instructions. For this reason we are not permitted to consider them.

VIII. It is insisted that plaintiffs cannot recover for the reason that the hedge was planted before chapter 106, of the laws of 1876, under which plaintiffs claim, was enacted. We are unable to discover that any such objection was made in the court below. We are required, in reviewing the case, to consider only such questions as were passed upon by the court below. The objection under consideration cannot be first urged in this court.

6. DEFENSE not made below waived.

IX. The plaintiffs are husband and wife. The title of the land on the line of which the hedge stands is in the wife. The husband planted and cultivated the hedge and is in possession of the land. Defendants insist that there is a misjoinder of parties. It is sufficient to say that if there be such a defect of parties, as it does not appear upon the face of the petition, the objection should have been taken by an-

swer, and as it was not so raised it must be deemed to have been waived. Code, § 2650. *Melick v. First National Bank of Tama City*, 52 Iowa, 94.

X. Counsel for defendants insist that the statutes under which the fence viewers acted are unconstitutional, if they be

7. CONSTITU-
TIONAL law:
statute as to
fence view-
ers.

so interpreted as to deny to the parties a trial in court upon the matters determined, either by an appeal or by other proceedings, wherein an issue may be raised thereon. This position is not argued at length, though asserted with apparent confidence.

The proceedings by the fence viewers are provided for by the statute in the exercise of the authority of the legislature to provide special tribunals to determine the rights of parties under appropriate rules applicable thereto. The doctrine of the courts applicable to the question raised by counsel is well expressed in Cooley's Constitutional Limitations, p. 354–5, in the following language:

"But there are many cases where the title to property may pass from one person to another without the intervention of judicial proceedings, properly so called, and we have already seen that special legislative acts designed to accomplish the same end have also been held valid in some cases. The necessity for "general rules," therefore, does not preclude the legislature from establishing special rules for particular cases, provided that particular cases range themselves under some general rule of legislative power, nor does the requirement of judicial action demand, in every case, a hearing in court."

The verdict is sufficiently supported by the evidence. We have considered all objections presented in argument by defendant's counsel, and have reached the conclusion that they present no ground for disturbing the judgment of the court below. It is therefore

AFFIRMED.