Albrecht *et al. v.* The C. C. Foster Lumber Company.

## No. 14,506.

## ALBRECHT ET AL. *v.* THE C. C. FOSTER LUMBER COMPANY.

MECHANIC'S LIEN.—*Notice.—Overstatement, of Claim.*—A mistake by which one seeking to enforce a mechanic's lien overstated the claim in the notice will not defeat the lien where it does not appear that the mistake has operated to any one's prejudice.

SAME.—*Notice.—Failure to State that Claim is Due.*—The failure to state in the notice of the intention to hold a lien that the claim is due, does not impair the notice as between the original parties.

SAME.—*Foreclosure Suit.—Equitable Cognizance.—Trial by Jury.*—A suit to foreclose a mechanic's lien is of equitable cognizance, and there is no right of trial by jury.

SAME.—*Verbal Notice of Intention*—A verbal notice to the owner that a material man or mechanic intends to hold a lien upon the property is sufficient.

SAME.—*Release of Lien.—When Ineffective.*—Where a material man proposed in writing to waive his lien if the contractor should receive the amount due him for erecting the house, but the proposition was not accepted nor the contractor paid, there was no release of the right to hold the lien. A release is not effective unless the terms upon which it is conditioned are complied with by the party asserting a right under it.

From the Marion Superior Court.

*J. N. Scott,* for appellants.

*S. M. Shepard* and *C. Martindale,* for appellee.

ELLIOTT, J.—The appellee's cause of action is based upon the general theory that it is entitled to enforce a lien against the real estate of the appellant described in the complaint, and it prays a decree of foreclosure.

The point made against the complaint that the notice shows that the appellee claimed a lien for a greater amount than was owing to it, is without substantial merit. A mistake of that character, which has not operated to the prejudice of any one, will not defeat a lien. *Kiel* v. *Carll,* 51 Conn. 440; *Smith* v. *Norris,* 120 Mass. 58; *Harrington* v. *Dollman,* 64 Ind. 255.

The failure to state in the notice of the intention to hold

a lien, that the claim was due, did not impair the notice, as between the original parties. According to the rule laid down in *Wade* v. *Reitz*, 18 Ind. 307, and approved in *Schneider* v. *Kolthoff*, 59 Ind. 568, third persons may treat a claim as due where there is no statement in the notice that credit has been given. This is only giving effect to the natural presumption, as well as to the legal inference, for where property is sold and delivered the courts assume, until the contrary appears, that the purchaser is to pay for it at once. As between the original contracting parties there is little or no reason for stating in the notice that the claim is due. The notice is not required for the purpose of informing the immediate parties of the terms of their contract— since the presumption is that they know what the terms are— but for the purpose of informing the one party that the other intends to acquire a lien under the statute. Our conclusion, that the lien in such a case as this is not, as between material men and the owner, lost by a failure to state whether credit was, or was not, given, is sustained by authority. *Hills* v. *Ohlig*, 63 Cal. 104 ; *Doane* v. *Clinton*, 2 Utah, 47.

A court of equity has jurisdiction to foreclose liens by a decree of foreclosure. One of the maxims of equity jurisprudence is that " Equity acts specifically," and under this maxim courts of chancery have assumed jurisdiction to foreclose liens upon real property. Where a court of chancery has rightful jurisdiction for one purpose, it retains it for all legitimate purposes ; and, under this familiar rule, it will render a money judgment where it is an incident of a decree against specific property. *Feder* v. *Field*, 117 Ind. 386; *Field* v. *Holzman*, 93 Ind. 205 ; *Wood* v. *Ostram*, 29 Ind. 177.

The common law courts did not possess jurisdiction to render specific decrees, and could not, therefore, decree the foreclosure of liens. *Goble* v. *Gale*, 7 Blackf. 218 ; *Olmsted* v. *McNall*, 7 Blackf. 387 ; *Close* v. *Hunt*, 8 Blackf. 254. The doctrine that only courts of chancery can decree foreclosures of mechanic's liens has been given forcible application by

this court. *Ainsworth* v. *Atkinson*, 14 Ind. 538 ; *Snell* v. *Mohan*, 38 Ind. 494 ; *Richards* v. *Reed*, 39 Ind. 330 ; *Doyle* v. *State, ex rel.*, 61 Ind. 324 ; *Brown* v. *Goble*, 97 Ind. 86. The trial court did right in denying a jury trial, for a suit to foreclose a lien against real property is one of equity cognizance, and such it was long before our statute of 1881 went into force.

A verbal notice to the owner that a material man or mechanic intends to hold a lien upon the property is sufficient. *Vinton* v. *Builders, etc., Ass'n*, 109 Ind. 351 ; *Wesley* v. *Searight*, 113 Ind. 316. The question whether the evidence sustains the finding that notice of an intention to hold a lien was given the property-owner is a close one, but settled rules require us to solve it in favor of the decision of the trial court, for we think that there is evidence from which it may be inferred that a verbal notice was given. Where there is such evidence we must sustain the finding of the trial court, for it is a familiar rule that proof of circumstances warranting a given inference is sufficient in civil actions. *Indianapolis, etc., R. R. Co.* v. *Collingwood*, 71 Ind. 476 ; *Louisville, etc., R. W. Co.* v. *Balch*, 122 Ind. 583.

The property-owner desired to obtain money from a building association to pay for the house she was building, and her husband, who was acting as her agent, in company with Foree, the contractor, went to Foster, the appellee's president, and, after some conversation, Foster wrote and delivered to them a note addressed to the attorney of the building association. The material part of the note reads thus : " I am willing to hold Mr. F. Foree personally for lumber sold him for Dr. Albrecht's house in Woodruff Place, and release my right to take a lien ; provided he receives the amount due him for the erection of said house." This note was delivered to the attorney of the building association, some money was advanced to the property-owner, and part of it was paid to the contractor. In our judgment the trial court properly held that there was no release of the right to hold

a lien. The appellee proposed to release the lien upon the terms stated in the writing, that is, upon the condition that the contractor should receive the amount due him for erecting the house, and had the terms proposed been assented to, and the contract thus made been performed, the release would have been effective. But the proposal was not accepted, nor was there performance, for the contractor was not paid for erecting the house. A release is not effective unless the terms upon which it is conditioned are complied with by the party asserting a right under it, and in this instance there was no performance, nor, indeed, was there any valid acceptance. To make a binding contract a proposal must be assented to as it is written; any deviation or departure relieves the party who makes the proposal.

The appellee did nothing that can be regarded as creating an estoppel. There can be no estoppel except where there is preconceived fraud, or, where it would be against good conscience to permit a party to gainsay or retract his acts or representations. *Anderson* v. *Hubble,* 93 Ind. 570; *Wisehart* v. *Hedrick,* 118 Ind. 341, and cases cited. In this instance the party sought to be estopped was not guilty of any fraudulent act, nor had that party done anything that might not equitably and justly be withdrawn. There was, indeed, no binding obligation, for the proposal was not accepted, nor was there any representation of an existing fact. The utmost that can be said is that there was a promise to release the right to a lien provided the contractor was paid for erecting the house of the appellant.

Judgment affirmed.

Filed Dec. 16, 1890.