Filed May 22, 1891.

---

### No. 15,130.

### BRIGHTON ET AL. *v.* WHITE.

BANKS AND BANKING.—*Bank of Discount and Deposit.—Presumption as to.* —As we have only one general statute providing for the organization of banks of discount and deposit, the presumption is, that a bank of discount and deposit was organized under that statute. The presumption is a rebuttable one, but such a presumption makes a *prima facie* case.

SAME.—*Transfers by Insolvent Bank.—Nullity of.—Preference of Creditors.*—Assignments or transfers of evidences of indebtedness by an insolvent

bank, with a view to preferring one creditor to another, are utterly null and void. Section 2697, R. S. 1881. A creditor taking an assignment in violation of the terms of the statute gets no shadow of title. *Blair* v. *Hanna,* 87 Ind. 298, distinguished.

EQUITY.—*Lien upon Real Estate.—Foreclosure of.—Equity Jurisdiction.—How Determined.*—Where a lien upon real estate is to be foreclosed, the equity power of the court is called into exercise, and the entire issue is for trial by the court. Where a specific decree is required there is an exercise of equity jurisdiction, and as the main feature of the case is equitable, it controls the incidents.

From the Clay Circuit Court.

*S. W. Curtis,* for appellants.

*E. S. Holliday* and *G. A. Byrd,* for appellee.

ELLIOTT, J.—The appellee's complaint is founded upon a note and mortgage executed by Alexander Brighton and Catherine Brighton to the Commercial Bank of Brazil, Indiana, and by the bank assigned to the appellee. The appellants, Croasdale, Jones and Sowers, were made defendants to answer as to their interest in the mortgaged premises.

The answers of the appellants are substantially the same upon the material point involved, although they severed in their defences so that a synopsis of one answer will sufficiently exhibit the question which controls this phase of the case. The answers allege that the note and mortgage were executed to the Commercial Bank of Brazil, Indiana; that it was a bank " of deposit and discount, organized under the laws of the State of Indiana;" that the note and mortgage were assigned to the plaintiff after it was known that the bank was insolvent; that the insolvency of the bank was known to its officers and to the plaintiff; that the plaintiff was a creditor of the bank, and the note and mortgage were assigned to him as collateral security and for the purpose of giving him a fraudulent and secret preference over other creditors.

The right of the appellee to maintain the suit depends upon his title to the instruments upon which his cause of

action is founded. It is quite clear that a plaintiff can not maintain a suit upon an instrument to which a positive statute forbids him from acquiring title. It is not legally possible for a plaintiff to acquire title where a positive statute declares that a transfer shall be utterly void. If, therefore, it be true that there is a statute declaring a transfer to a creditor by an insolvent bank to be utterly void, one to whom the transfer is made can not acquire a title. This must certainly be so where, as here, he accepts the transfer for the purpose of securing a preference and with knowledge of the bank's insolvency.

Our statute declares that assignments or transfers of evidences of indebtedness by an insolvent bank " with a view to the preference of one creditor to another—shall be utterly null and void." Section 2697, R. S. 1881. The statute is strong and its object plain. It means that there shall be no preference of creditors, and that all transfers for the purpose of creating a preference shall be absolutely ineffective. No title can pass. A creditor taking an assignment in violation of the terms of the statute gets no shadow of title. The statute operates upon the creditor as well as upon the bank; it fetters both, the one can not transfer nor the other accept.

If the bank through which the appellee claims as an assignee is within the statute, there was no valid assignment, for it is inconceivable that the appellee could obtain what his assignor could not transfer. If he could not obtain title, he can not maintain an action, so that the inquiry is narrowed to this: Do the answers show that the bank is one upon which the statute operates? In our opinion the answers show, *prima facie*, at least, that it is such a bank, for they aver that it is a bank " of discount and deposit," organized under the laws of Indiana.

As we have only one general statute providing for the organization of banks of discount and deposit, the presumption is that the bank, as it was one of discount and deposit,

was organized under that statute. It is declared in analogous cases that the presumption is, that corporations are organized under the general statute, and there is no reason why that presumption should not rule here. The presumption is, it is true, a rebuttable one, but such a presumption makes a *prima facie* case. *Louisville, etc., R. W. Co.* v. *Thompson,* 107 Ind. 442, and authorities cited. The answers make such a case as required a reply, for if the bank was not organized under the general law it was incumbent upon the appellee to make that fact appear. He has, unquestionably, a right to do this if he can, but he can not without an affirmative reply escape the effect of the allegations of the answers.

The trial court erred in sustaining the demurrers to the answers.

The case of *Blair* v. *Hanna,* 87 Ind. 298, is not in point. In that case a creditor was seeking to set aside a fraudulent conveyance, and it was held that he could not maintain the suit, because the right to sue was in the assignee in bankruptcy, while here the plaintiff is attempting to recover upon evidences of indebtedness, which a positive statute forbade the assignor from transferring. Here the question is as to the title to the instruments upon which the cause of action rests, and if the plaintiff has no title to the cause of action he can not invoke judicial assistance.

The trial court did not err in refusing the demand of the appellants for a jury trial. It is settled that where a lien upon real estate is to be foreclosed, the equity power of the court is called into exercise, and the entire issue is for trial by the court. *Carmichael* v. *Adams,* 91 Ind. 526; *Kimble Seal,* 92 Ind. 276; *Rogers* v. *Union, etc., Co.,* 111 Ind. 343 (346); *Field* v. *Holzman,* 93 Ind. 205; *Quarl* v. *Abbett,* 102 Ind. 233 (239); *Brown* v. *Russell & Co.,* 105 Ind. 46, and cases cited, p. 55; *Albrecht* v. *C. C. Foster Lumber Co.,* 126 Ind. 318; *Ex parte Sweeney,* 126 Ind. 583.

It is not meant, of course, that the necessity for applying general principles of equity requires that the case be treated

as one for the chancellor, but it is meant that where the relief that must be awarded is essentially equitable, the case is one for the court.   The distinction between the two classes of cases is, as a general rule, to be determined by ascertaining whether the decree is one operating specifically, as, for instance, in the foreclosure of liens, or one operating generally, as, for instance, in an ordinary money judgment. The maxim is that " Equity acts specifically", " and where a specific decree is required there is an exercise of equity jurisdiction, and, necessarily, the main feature of the case is equitable, and as such controls the incidents.   *Parker* v. *Indianapolis Nat'l Bank*, 126 Ind. 595 ; *City of Hammond* v. *New York, etc., R. W. Co.*, 126 Ind. 597.

Judgment reversed.

COFFEY, J., did not take part in the decision of this case. Filed May 21, 1891.