THE PITTSBURGH, CINCINNATI, CHICAGO AND ST. LOUIS
RAILWAY COMPANY v. HAWKS ET AL.

[No. 18,542.   Filed Nov. 22, 1899.   Rehearing denied May 8, 1900.]

PRACTICE.—*Harmless Error.*—Where all the evidence admissible
under a special answer could have been given under the general
denial which was pleaded, sustaining a demurrer to the special an-
swer is not rendered harmful by the subsequent withdrawal of the
general denial.   *pp. 548, 549.*

APPEAL AND ERROR.—*Waiver.*—Assignments of error which are not
discussed are waived.   *p. 549.*

From the Marion Circuit Court.   *Affirmed.*

*Samuel O. Pickens,* for appellant.

*B. K. Elliott, W. F. Elliott* and *Thomas L. Sullivan,* for
appellees.

MONKS, J.—Appellant brought this action to enjoin the
collection of that part of the cost of the construction of a
sewer assessed against appellant's property.   Appellee Hawks
filed a cross-complaint against appellant to recover said as-
sessment and to foreclose the lien on said property.   To this
cross-complaint appellant filed an answer in two paragraphs,
the second of which was a general denial.   Appellee Hawks
filed a demurrer for want of facts to the first paragraph of
said answer, which was sustained by the court.   Afterwards
the appellant withdrew the second paragraph of the answer
to said cross-complaint, and, refusing to plead further, a
judgment and decree of foreclosure were rendered against
appellant in favor of said Hawks.

The errors assigned by appellant are:   (1)   That the court
erred in sustaining the demurrer of appellee Hawks to the
first paragraph of appellant's answer to the cross-complaint
of said Hawks; (2)the court erred in dissolving the restrain-
ing order and temporary injunction in said case; (3) the
court erred in rendering judgment and decree in favor of
appellee Hawks against appellant.

Appellee Hawks insists that the first paragraph of appellant's answer to the cross-complaint was a mere argumentative general denial, and all the evidence that could have been admitted under said paragraph was admissible under the second paragraph of said answer, which was a general denial, and that there was, therefore, no available error in sustaining the demurrer to said paragraph. Appellant does not claim that said first paragraph of answer was anything more than an argumentative general denial, or that any evidence could have been given thereunder that was not admissible under the second paragraph, but insisted at the oral argument that, as said second paragraph of answer was withdrawn before judgment was rendered, the ruling of the court on said demurrer was harmful. The proper practice in such case is to move to strike out such a paragraph, but it has been uniformly held by this court that, even if a paragraph of answer is sufficient to withstand a demurrer for want of facts, it is harmless error to sustain a demurrer thereto, if the general denial is pleaded and the same evidence is admissible thereunder that could have been given under said special paragraph, and that the subsequent withdrawal of the general denial will not make said ruling, which was harmless when made, a harmful or available error. *Board, etc.,* v. *State, ex rel.,* 148 Ind. 675, 680; *State, ex rel.,* v. *Osborn,* 143 Ind. 671, 680; *Smith* v. *Pinnell,* 143 Ind. 485, 487; *Baltes* v. *Bass Foundry, etc., Works,* 129 Ind. 185, 191; *Cincinnati, etc., R. Co.* v. *Smith,* 127 Ind. 461, 464; *Kidwell* v. *Kidwell,* 84 Ind. 224, 228; *Reeder* v. *Maranda,* 66 Ind. 485, 487; *Watson* v. *Lecklider,* 147 Ind. 395, 397; *Jeffersonville, etc., Co.* v. *Riter,* 146 Ind. 521, 526; *Harness* v. *State, ex rel.,* 143 Ind. 420; *Bonebrake* v. *Board, etc.,* 141 Ind. 62; *Board, etc.,* v. *Nichols,* 139 Ind. 611, 618; *Hoosier Stone Co.* v. *McCain,* 133 Ind. 231, 233; *Matchett* v. *Cincinnati, etc., R. Co.,* 132 Ind. 334; *Racer* v. *State,* 131 Ind. 393, 401; *Butler* v. *Thornburg,* 131 Ind. 237, 238. It is unnecessary, therefore, to determine

whether or not said first paragraph of answer was sufficient to withstand the demurrer, for the reason that, under the practice in this State, all the defenses that could have been made thereunder could have been made under the general denial and all the evidence admissible thereunder was admissible under the general denial. Sustaining the demurrer to said paragraph of answer was, therefore, harmless, and, as held by the cases heretofore cited, the subsequent withdrawal of the general denial did not render a ruling harmful and available error that was harmless when made.

The second and third errors assigned present no questions for decision under our practice in a case like this. *Allen v. Studebaker Bros. Mfg. Co.*, 152 Ind. 406, 411, 414; *Tucker v. Hyatt*, 151 Ind. 332, 338, 44 L. R. A. 129; *Seisler v. Smith*, 150 Ind. 88, 90; *Clayton, Adm.*, v. *Blough*, 93 Ind. 85, 95. But if they did, the same are waived by the failure of appellant to discuss the same in its briefs.

Finding no available error in the record, the judgment is affirmed.