TOMLINSON *v.* BAINAKA ET AL.

[No. 20,063. Filed February 23, 1904. Rehearing denied June 8, 1904.]

PLEADING.—*Partition Fence.—Lien.—Complaint. — Negativing Exception in Statute.*—Where in a complaint to foreclose a statutory lien for building a partition fence, the provision in section five of the act of 1897 (Acts 1897, p. 184, ₴6568 Burns 1901), " persons owning land not enclosed by fence to retain stock shall not be required to make or maintain a partition fence," is not negatived, such complaint is sufficient, since such exception is not contained in the enacting clause. *p. 114.*

PARTITION FENCES.—*Kinds of.*—The statute of 1897 (Acts 1897, p. 184, ₴₴6564–6569 Burns 1901) provides for seven different kinds of lawful partition fences and also requires the township trustee to adopt "the plans and material for such fence as is most commonly used by the farmers of such township," it is the duty of such trustee to prescribe the kind of fence to be built. *p. 114.*

PLEADING.—*Answer.—Demurrer.—Harmless Error.*—Where there is an answer in general denial under which all of the facts contained in the second and fourth paragraphs of answer may be proved, error, if any, in sustaining a demurrer to such second and fourth paragraphs of answer is harmless. *p. 115.*

Tomlinson v. Bainaka.

TRIAL.—*Foreclosure of Lien.—Jury Not Demandable.*—An action to foreclose the statutory lien against real estate for erecting partition fence is an equity case, and a trial by jury can not be demanded. *p. 116.*

APPEAL AND ERROR.—*Bill of Exceptions.*—Where the precipe calls for a "transcript" of the record and the clerk certifies up the original bill, such bill is not in the record. *p. 116.*

STATUTORY CONSTRUCTION.—*Recording Notice.*—Where statute (§6566 Burns 1901) requires that contractor on completion of fence, record the statement of the township trustee in "the mechanic's lien record of such county" and it is recorded in record in which mechanics' liens are recorded, there is a compliance with the statute. *p. 116.*

CONSTITUTIONAL LAW.—*Partition Fences.*—The act of 1897 ( Acts 1897, p. 184, §§6564-6569 Burns 1901) is not unconstitutional on the ground (1) that no tribunal is provided to determine the sufficiency of the existing partition fence, or the necessity of repairing the same nor (2) provides no means of testing the sufficiency of the fence built, after notice served on defaulting landlord, as these duties are imposed upon the township's trustee. *p. 116.*

SAME.—*Partition Fences.*—The act of 1897 (Acts 1897, p. 184, §§6564-6569 Burns 1901) is not in violation of §20, Art. 1 of the state Constitution; providing for trial by jury, for the reason that said section refers only to such cases as were treated as civil when the Constitution was adopted, and not to cases of equitable jurisdiction. *p. 117.*

SAME.—*Partition Fences.*—The act of 1897 (Acts 1897, p. 184, §§6564-6569 Burns 1901) is not in violation of §21, Art. 1 of the state Constitution providing that "no man's property shall be taken by law without just compensation," as such statutes are passed in the exercise of the police power of the State. *p. 118.*

From Superior Court of Marion County (No. 61,848); *J. M. Leathers,* Judge.

Action by George W. Bainaka against Frank M. Tomlinson to foreclose a lien in favor of himself and Horace B. Makepeace for the construction of a partition fence. From a decree of foreclosure the defendant appeals. *Affirmed.*

*J. S. Berryhill,* for appellant.
*W. T. Brown,* for appellees.

MONKS, J.—Appellee Bainaka brought this action against appellant to foreclose a statutory lien for building a partition fence between the land of appellant and another under the act of 1897 (Acts 1897, p. 184, §§6564-6569

Burns 1901). A trial of said cause resulted in a finding, and, over a motion for a new trial, a judgment in favor of appellees, Bainaka, and Makepeace, trustee.

The errors assigned and not waived call in question the action of the court in overruling appellant's demurrer to the amended complaint, in sustaining appellees' demurrer to the second and fourth paragraphs of answer, and in overruling appellant's motion for a new trial.

It is insisted by appellant that said amended complaint was insufficient because it was not alleged that "the lands therein described were enclosed by fence to retain stock;" citing §6568, *supra,* being section five of said act of 1897. Said section provides that "persons owning land not enclosed by fence to retain stock shall not be required to make or maintain a partition fence." The rule is that when the exception is in the enacting clause it must be negatived in the pleading, but when it is in a subsequent section, or in a separate proviso in the same section, it need not be. Black, Interp. of Laws, 272; Sedgwick, Stat. Constr. (2d ed.), 50; Bliss, Code Pleading (3d ed.), §202; Heard's Stephen on Pleading, *443; *State* v. *Maddox* (1881), 74 Ind. 105; *Crawford* v. *State* (1901), 155 Ind. 692, 695, 696, and authorities cited; *United States* v. *Cook* (1872), 17 Wall. (U. S.) 168; *Trustees, etc.,* v. *Utica, etc., R. Co.* (1848), 6 Barb. 313, 319, and cases cited; *Foster* v. *Hazen* (1850), 12 Barb. 547, 550; *Faribault* v. *Hulett* (1865), 10 Minn. 30, 38; *Toledo, etc., R. Co.* v. *Pence* (1873), 68 Ill. 524, 527, 528; *Vavasour* v. *Ormrod* (1827), 6 Barn. & Cr. 430, 432; *Steel* v. *Smith* (1817), 1 Barn. & Ald. 94. As the provision referred to by appellant is in a subsequent section of the act, under said rule it was not necessary to the sufficiency of the complaint that it be negatived therein.

Appellant next insists that the "statute provides for seven kinds of lawful partition fence, and as the township trustee, in violation of the statute, limited the kind to be built in this case to a less number, the complaint is insufficient

for that reason." It is true that §6565, *supra,* describes seven kinds of fence, either one of which is declared to be a lawful partition fence; but said section requires the township trustee to adopt "the plans and material for such fence as is most commonly used by the farmers of such township." Under this provision it was the duty of the township trustee to limit the kinds of fence as therein provided.

Appellant says "the second paragraph of answer was a special denial that the acts done by Harding and the trustee were duly and properly executed to give jurisdiction of the matter of building the fence and of the person of appellant, and was for the purpose of requiring the plaintiff below to prove on the trial of the cause the facts conferring jurisdiction on the township trustee." The first paragraph of answer was a general denial, and, to entitle appellee to recover under the issues so joined, he was required to prove, among other things, all the facts necessary to give the township trustee authority to contract for the building of said partition fence and issue the certificate to appellee provided by §6566, *supra.* If the fourth paragraph of answer was sufficient to withstand a demurrer for want of facts—a question we need not and do not decide—it was because it was good as an argumentative denial. All the evidence admissible under said second and fourth paragraphs of answer was admissible under said general denial. It follows that the error, if any, in sustaining the demurrer for want of facts to said second and fourth paragraphs of answer was harmless. *Harding* v. *Cowgar* (1890), 127 Ind. 245, 249; *Craig* v. *Frazier* (1890), 127 Ind. 286, 287; *Wood* v. *State, ex rel.* (1891), 130 Ind. 364, 366; *Board, etc.,* v. *Chipps* (1891), 131 Ind. 56, 59, and cases cited; *Hoosier Stone Co.* v. *McCain* (1892), 133 Ind. 231, 233; *Board, etc.,* v. *Nichols* (1894), 139 Ind. 611, 618; *Berkey* v. *City of Elkhart* (1895), 141 Ind. 408-410; *Saint* v. *Welsh* (1895), 141 Ind. 382, 389, 390; *Harness* v. *State, ex rel.* (1895), 143 Ind. 420, 423, 424; *Smith* v. *Pinnell* (1895),

143 Ind. 485, 487, and cases cited; *State, ex rel.,* v. *Osborn* (1895), 143 Ind. 671, 680; *Jeffersonville Water Supply Co.* v. *Riter* (1896), 146 Ind. 521, 525, 526; *Board, etc.,* v. *State, ex rel.* (1897), 148 Ind. 675, 680; *Pittsburgh, etc., R. Co.* v. *Hawks* (1899), 154 Ind. 547, 548, and cases cited; *Troxel* v. *Thomas* (1900), 155 Ind. 519, 523, 524; *Harris* v. *Randolph County Bank* (1901), 157 Ind. 120, 129.

Appellant assigned as a cause for a new trial that the court erred in refusing to grant him a trial of said cause by jury. As this was a suit to foreclose a statutory lien against real property, the same called for the exercise of the equity powers of the court, and the court did not err in denying a jury trial. *Albrecht* v. *Foster Lumber Co.* (1890), 126 Ind. 318, 320; *Brighton* v. *White* (1890), 128 Ind. 320, 323, and cases cited.

The other causes assigned for a new trial depend for their determination on the evidence, which, under the rule declared in *Drew* v. *Town of Geneva* (1902), 159 Ind. 364, 366, is not in the record, and can not be considered.

Section 6566, *supra,* requires that the statement which the township trustee gives to the contractor on the completion of the fence shall be recorded in the "mechanic's lien record of such county," and appellant insists that, as there is no such record, the same is ineffective. The section requires that said statement be recorded in the record in which mechanics' liens are required by law to be recorded. So construed said provision is effective.

It is insisted by appellant that said partition fence law of 1897 (Acts 1897, p. 184, §§6564-6569 Burns 1901) is in violation of the fourteenth amendment of the Constitution of the United States, because (1) said "act provides no tribunal to determine the sufficiency of the existing partition fence or the necessity of repairing the same or building a new fence;" (2) said act provides no means of testing the sufficiency of the fence built by the defaulting land-

owner after notice has been served upon him. It is one of the duties of the township trustee, after receiving the notice under §6565, *supra,* to determine whether or not a new fence should be built or the old one repaired, and what proportion thereof should be done by the defaulting landowner. He is required to "estimate the cost of building such fence or the cost of repairing the same, as the case may be," and to deliver to the defaulting landowner "an itemized statement of the due proportion of such defaulting landowner, *. * * the cost of building a new fence or of making repairs as the case may be." In performing these duties the township trustee determines the sufficiency of the existing fence, and, if insufficient, whether or not the same should be repaired or a new fence built. If the defaulting landowner, within twenty days after he receives such notice from the township trustee, builds or repairs said fence, as the case may be, the township trustee must determine the sufficiency thereof, because, if not done substantially as provided in said notice, the trustee is required by §6566, *supra,* to let the contract for such work to the lowest bidder, after giving due notice thereof. If the defaulting landowner, within twenty days after receiving notice from an adjoining landowner, under §6565, *supra,* repairs or builds his proportion of the partition fence, and notwithstanding this fact the township trustee is notified, his duties are the same. He determines whether or not the fence built or repaired by said defaulting landowner is a lawful fence, and whether the same is his proportion of said partition fence. It is evident that said act of 1897 (§§6564-6569, *supra*) is not open to said objections.

It is next insisted that said act is in violation of §20, article 1, of the state Constitution, because it denies the right of trial by jury. Said act makes no provision in regard to how the action to foreclose said lien shall be tried, but that question is governed by §412 Burns 1901, §409 R. S. 1881 and Horner 1901. Moreover, said §20, of arti-

cle 1, of the Constitution applies only to such cases as were treated as civil cases when the Constitution now in force was adopted, and not to cases of equitable jurisdiction, like the one before us. *Allen* v. *Anderson* (1877), 57 Ind. 388; *McMahan* v. *Works* (1880), 72 Ind. 19, 21; *Wright* v. *Fultz* (1894), 138 Ind. 594; *Laverty* v. *State, ex rel.* (1886), 109 Ind. 217, 224; *Brighton* v. *White* (1890), 128 Ind. 320, 323, 324; *Carmichael* v. *Adams* (1883), 91 Ind. 526; *Rogers* v. *Union Cent. Life Ins. Co.* (1887), 111 Ind. 343, 346, and cases cited; *Moore* v. *Glover* (1888), 115 Ind. 367, 373; *Albrecht* v. *Foster Lumber Co.* (1890), 126 Ind. 318, 320; *VanSickle* v. *Belknap* (1891), 129 Ind. 558, 559.

It is next claimed that said act is in violation of §21, article 1, of the state Constitution, which provides that "no man's property shall be taken by law without just compensation." We have had statutes on this subject since 1807. Acts 1807, pp. 168-174; Acts 1818, p. 347; R. S. 1824, pp. 179-181; R. S. 1831, pp. 224, 228; R. S. 1838, pp. 262-266; R. S. 1843, pp. 374-381; 1 R. S. 1852, pp. 292-294; §§4834-4858 R. S. 1881; Acts 1897, p. 184, §§6564-6569 Burns 1901. Laws compelling the building, maintaining, and keeping in repair of partition fences are enacted in the exercise of the police power, and are an ancient branch of legislation which has been uniformly sustained. *Coster* v. *Tide Water Co.* (1866), 18 N. J. Eq. 54, 68, 69; *McKeever* v. *Jenks* (1882), 59 Iowa 300, 306, 13 N. W. 295; *Talbot* v. *Blackledge* (1867), 22 Iowa 572, 578; *Wills* v. *Walters* (1869), 5 Bush (Ky.) 351, *Gilson* v. *Munson* (1897), 114 Mich. 671, 72 N. W. 994; Tyler, Boundaries and Fences, 343, 504; 22 Cent. L. J., 197-203; 12 Am. and Eng. Ency. Law (2d ed.), 1047, 1048, 1050-1057; *Myers* v. *Dodd* (1857), 9 Ind. 290, 68 Am. Dec. 624 and note 629-635; *Brady* v. *Ball* (1860), 14 Ind. 317, 319; *Cook* v. *Morea* (1870), 33 Ind. 497; *Bartlett* v. *Adams* (1873), 43 Ind. 447; *Rhodes* v. *Mummery* (1874), 48 Ind.

216; *Bruner* v. *Palmer* (1886), 108 Ind. 397; *Haines* v. *Kent* (1858), 11 Ind. 126; *State, ex rel.,* v. *Kemp* (1894), 141 Ind. 125; *Enders* v. *McDonald* (1892), 5 Ind. App. 297. In Tyler, Boundaries and Fences, 343, it is said: "It may be affirmed here, however, that it is perfectly competent for the legislatures of the several states to pass laws regulating the subject of boundary and division fences, whatever may be said of the constitutional right to require the maintaining of fences along the public highways. *Wills* v. *Walters* [1869], 5 Bush (Ky.) 351." This court in *Myers* v. *Dodd, supra,* in considering the act of 1852 (1 R. S. 1852, pp. 292-294), said: "Both parties were equally bound to maintain the partition fence. Either might have repaired it, and enforced contribution from the other; but neither having done so they stood upon their common-law rights and obligations." In a note to this case in 68 Am. Dec. 629, it is said that such laws are "unquestionably a valid exercise of legislative power. *Coster* v. *Tide Water Co.* [1866], 18 N. J. Eq. 54; *McKeever* v. *Jenks* [1882], 59 Iowa 300."

It is not pointed out or shown by appellant how or in what manner his property has been or can be taken in violation of said section of the state Constitution. It is settled in this State that a party will not be heard to question the constitutionality of a law, or any part thereof, unless he shows that some right of his is impaired or prejudiced thereby. *State* v. *Gerhardt* (1896), 145 Ind. 439, 450, 33 L. R. A. 313; *Currier* v. *Elliott* (1895), 141 Ind. 394, 407.

Having considered all the questions properly presented by appellant, we find no available error. Judgment affirmed.