(1) Mr. *Nave* cited *Shaeffer* v. *Sleade*, 7 Blackf. 178; 1 Hov. on Frauds, 13; *Bartholomew* v. *Hendrix*, 5 Blackf. 572; 1 Story's Eq. Juris., 5th ed., § 186; 5 Har. Dig. 795.

---

## Haines *v.* Kent and Others.

Action for damages in the removal of a partition fence. Answer, that the fence belonged to the defendant, who gave notice, &c. On motion, the defendant was allowed to open and close. *Held*, that this was error.

*It seems*, that if a party to a partition fence desires to remove it, he should take the same steps to ascertain its value, and the point at which it would be fairly divided, as those employed in erecting such fences.

APPEAL from the *Warren* Court of Common Pleas.

HANNA, J.—This was an action brought in consequence of the removal by defendants, of a portion of a fence situ-

ated on the line dividing the lands occupied by *Haines* and *Kent*.

The complaint alleges it was a partition fence, built and maintained as such by the grantors of the parties herein.

The answer sets up—

1. That the said partition fence, at the time it was removed, belonged to the said *Kent*, &c., who gave the plaintiff reasonable notice before he removed said fence, &c.

2. That the land occupied by plaintiff did not belong to him, but that it belonged to one *William Kent*, and that the defendants, with the license of said *William*, removed, &c.

The reply to the first paragraph of the answer is a denial of the notice, and of the alleged right to remove; and as to the second paragraph of the answer, it denies the license from *William Kent*, or the right to remove, because the plaintiff was occupying as tenant in possession, and had control of the premises, &c.

To the latter part of the second paragraph of the reply there was a demurrer, which was overruled and exceptions taken.

Trial, verdict, and judgment for plaintiff for one cent.

The Court, upon motion of defendants, permitted them to open and close the evidence and argument.

A motion by the plaintiff for a new trial was made and overruled.

It was error to permit the defendants to open and close, &c. The first paragraph of the answer, although somewhat contradictory, is, in effect, an argumentative denial of the averment in the complaint, that the fence was a partition fence; for it could not, at the same time, be the separate property of the defendant and belong jointly to the plaintiff and the defendant.

The real question which seems to have existed between the parties, and attempted to be raised here, is as to the right of the occupant of land upon one side of a partition fence to remove any portion of it without the consent of the occupant upon the opposite side.

The statute bearing upon this subject is found on pp. 293, 294, 1 R. S. 1852. Section 15 provides that, "Ex-

cept when otherwise specially agreed, partition fences, dividing lands occupied on both sides, shall be maintained throughout the year, equally by both parties."

The next seven sections provide for assessing and recovering the amount necessary to maintain such fence in repair, by one who so maintains it, from one who may fail to do so. Section 23 then provides that, "when any party shall cease to use his land, or shall lay open his inclosure, he shall not take away any part of the fence which forms a partition fence between him and the inclosure of any other person, if the owner or occupant will pay to such person the reasonable value of such fence."

Under this statute, a party would, in a certain contingency, be entitled to remove such portion as might be reasonably his; but is merely giving a general notice that he intends to remove a portion of the fence, sufficient to authorize him so to do? Suppose the materials and labor had been furnished by the parties in equal portions to build the whole fence; yet the one-half in length of it might be much more valuable than the other half, either on account of the materials used being of a superior quality, or because of the different mode of construction, or because of greater difficulty and expense, growing out of the formation of the ground; then, under a general notice that one of the parties intended removing his portion, would he have the right to remove the one-half, commencing at either end? Or would he be authorized to remove the one-half of the whole, which in certain modes of construction would render the balance useless? Or ought he not to take steps to ascertain the value of the whole fence, and the particular point which would equally divide that value?

As the statute provides the mode of assessing the amount necessary to make such a fence sufficient, and also provides that the same shall not be removed by one party, if the other will pay the reasonable value, it is evident that some steps ought to be taken to ascertain that value; and we know of none more just in taking away

the fence, than those employed in erecting it, or a mode as nearly similar as the facts of the case would justify.

*Per Curiam.* — The judgment is reversed with costs. Cause remanded, &c.

*B. F. Gregory* and *J. Harper*, for the appellant.

*R. A. Chandler*, for the appellees.