BRADY and Others *v.* BALL.

In an action for damages for an injury done by trespassing animals belonging to several persons, the plaintiff may elect to sue all or only a part of the owners.

At common law, and in the absence of any controlling statute, the owner of cattle is bound to confine them upon his own land.

The second section of the act concerning enclosures, &c. (1 R. S. p. 292), prohibiting a recovery for animals breaking into an enclosure, unless the fence is lawful, applies only to outside fences.

Thus in an action for damages for a trespass by animals breaking through a partition fence, it is no defense that the fence was insufficient.

APPEAL from the *Tippecanoe* Circuit Court.

WORDEN, J.—Suit by the appellee against the appellants, to recover damages for injury done by trespassing animals. Verdict and judgment for the plaintiff, a new trial being denied. The material facts are as follows: A lot of cattle belonging jointly to the defendants and one *Jefferson D. Brady* were being pastured by their owners in a field belonging to one *Stockton.* They broke through the partition fence between the field of *Stockton* and the premises of *Robert Foresman,* and entered the latter, thence through the partition fence between *Foresman's* premises and the plaintiff's wheat-field, and thence into his corn-field, eating and otherwise destroying the plaintiff's corn and wheat.

Tuesday,
June 5.

At the proper time, the defendants asked the Court to charge the jury that, if they found from the evidence that the cattle belonged to the defendants and *Jefferson D. Brady*, they should find for the defendants. This was refused, and exception taken. This instruction was correctly refused. The action was for a tort, and the plaintiff had his election to sue all, or only a part, of the owners of the cattle. Chit. Pl. 86. *Vide*, also, Perk. Pr. 144.

The defendants also asked the following instruction, which was refused, viz.:

"If the jury believe from the evidence that the partition fence between the lands of *Robert Foresman* and the field where these cattle were pastured was owned, one-half by *Foresman*, and the other by the owner of the field where the cattle were pastured, and the cattle broke through the part owned by *Foresman*, and that this fence was not such a fence as a careful farmer ought to maintain as a partition fence, and that the fence between the land of *Foresman* and the field of Mr. *Ball*, in which the injury was committed, was also an insufficient fence, and not such an one as a careful farmer ought to keep, then you should find for the defendants."

The Court read to the jury, as containing the principles of law binding on the Court and jury, a part of the opinion of this Court in the case of *Myers* v. *Dodd*, 9 Ind. R. 290.

The Counsel for the appellants do not claim that the case thus read from was wrongly decided, but that the facts in that case were so essentially different from those in the case at bar, that the decision was not applicable here, and that the Court should have pointed out the difference to the jury.

We do not think that any error was committed in refusing the charge asked, or in giving the jury, as a correct exposition of the law, the extract from the opinion in the case mentioned.

The case of *Myers* v. *Dodd* settles two questions which are decisive of the present. It involved a trespass, committed by the cattle of an adjoining proprietor passing from the defendant's land on to that of the plaintiff, a part of

the partition fence having been carried away by high water, and being otherwise dilapidated. It decides that, at common law, and in the absence of any controlling statute, the owner of cattle is bound to confine them upon his own land, and that there was no controlling statute affecting that case. It also decides that the second section of the act concerning enclosures, &c. (1 R. S. p. 292), prohibiting a recovery for an animal breaking into an enclosure unless the fence was lawful, only applied to outside fences, and had no application to that case, and that the defendant was liable for the trespass. According to the principles there decided, if, in the present case, the cattle had been placed by the defendants in the field of *Foresman*, and had gone from there upon the premises of the plaintiff, the defendants would have been liable for the injury, although the partition fence was insufficient, and not such an one as a careful farmer ought to keep; and it seems to us that the case is not altered by the fact that the cattle were placed in the field of *Stockton*, and broke from there into the premises of *Foresman*, although the fence between them was also insufficient. Neither of the fences through which the cattle broke was an outside fence.

The remark of the Court in *Myers* v. *Dodd* (which was read to the jury, and of which counsel complain), that "both parties were equally bound to maintain the partition fence," and that "either party might have repaired it, and enforced contribution from the other," may not have been applicable to the case here, but it was entirely harmless, as the general propositions decided were applicable and conclusive upon the facts involved in this case, without regard to the character of the fences as to sufficiency, over which the cattle broke.

We cannot disturb the verdict upon the evidence, which seems to be sufficient to sustain it.

*Per Curiam.*—The judgment is affirmed with 5 per cent. damages and costs.

*J. M. La Rue* and —— *Royse*, for the appellants.