## Cook v. Morea.

TRESPASSING ANIMALS.—*Lawful Fence.*—Our statute defining a lawful fence and prohibiting a recovery of damages for cattle breaking into grounds not enclosed by such a fence ( 1 G. & H. 342) applies only to outside fences; as to inside divisions, parties are left to their common law rights and liabilities in respect to trespassing animals.

VOL. XXXIII.—32

---

---

SAME.—*Pleading.*—In an action commenced before a justice of the peace to recover damages for trespass by the defendant's cattle upon the plaintiff's cornfield, the complaint did not allege that the cornfield was enclosed by a lawful fence, or that the entry was made under other circumstances that would not preclude the right of action.

*Held,* that the complaint was not, for this reason, insufficient for a justice's court, or, it would seem, for the circuit court or court of common pleas.

SAME.—*Adjoining Proprietors.*—A person is not responsible for cattle, not under his charge or control, entering, from his pasture, where he keeps his cattle, upon adjoining land of another, and there doing injury, whether there be a partition fence or not.

APPEAL from the Hamilton Common Pleas.

WORDEN, J.—This was an action by the appellee against the appellant, brought before a justice of the peace, to recover damages for trespass by the defendant's cattle upon the plaintiff's cornfield.

Appeal by the defendant to the court of common pleas, where, upon trial, the plaintiff obtained a verdict and judgment.

In the common pleas, the defendant moved to dismiss the action because of the insufficiency of the complaint, but the motion was overruled. The objection urged to the complaint is, that it does not allege that the cornfield was enclosed by a lawful fence, or aver that the entry was made under other circumstances that would not preclude the right of action.

Our statute defining a lawful fence, and prohibiting a recovery of damages for cattle breaking into grounds not enclosed by such fence, 1 G. & H. 342, applies only to outside fences; and as to inside divisions, parties, in respect to trespassing animals, are left to their common law rights and liabilities. *Myers* v. *Dodd*, 9 Ind. 290; *Brady* v. *Ball*, 14 Ind. 317; *Crisman* v. *Masters*, 23 Ind. 319. Whether, in a suit commenced in the circuit or common pleas court any such allegation would be necessary, we need not determine; it would seem, however, to be unnecessary, inasmuch as circumstances which justify or excuse a trespass must be shown by the defendant. *Colden* v. *Eldred*, 15 Johns. 220.

The complaint was, at all events, abundantly sufficient for a justice's court, it being sufficiently certain to bar another action for the same cause, and containing a statement of a good cause of action.

The appellant claims that the court erred in permitting the plaintiff to give evidence of the value of his services in turning out cattle and putting up fences. There is a bill of exceptions containing all the evidence given in the cause, and there is no such evidence in it, nor does any bill of exceptions show that such evidence was given; hence this point is utterly without foundation.

The court gave to the jury the following charge, amongst others, viz.:

"If you believe from the evidence that an injury was done the corn of the plaintiff, by cattle breaking into the defendant's field, over a partition fence, out of a pasture where the defendant placed and kept his cattle, the defendant is liable for all damages resulting to the plaintiff's corn, whether the defendant was the owner of the cattle or not, and you should find for the plaintiff the amount of damages done his corn." We are inclined to think the word "defendant's" where it is first used in the above charge is a mistake for "plaintiff's," but the mistake may have been made in the transcription. The mistake, however, if there was one, we do not deem very material, as the general sense of the charge is about the same with the use of either word.

We understand the charge to mean, and think the jury must have understood from it, that if the defendant had a pasture where he placed and kept his cattle, separated from the plaintiff's cornfield by a partition fence, and cattle belonging to others, and not the cattle thus placed and kept in said pasture by the defendant, broke over the partition fence and entered the plaintiff's field, and did damage therein, the defendant was liable therefor. This construction of the charge—and we find ourselves, after mature consideration, unable to give it any other—renders it erroneous, as announcing a principle of law quite untenable.

We conceive it to be quite immaterial in whom might be the ultimate ownership of any cattle which the defendant was depasturing, and which broke from his pasture over a partition fence into the plaintiff's field. In such case, the defendant, whether he was the owner of the cattle or was depasturing them for some one else, would be liable for the damage done by them. *Barnum* v. *Vandusen*, 16 Conn. 200. But the charge assumes that the defendant was bound to keep his pasture so fenced as to prevent the cattle of other people from getting into it and from thence into the plaintiff's field; or, in other words, that he was bound to keep other people's cattle from entering the plaintiff's field from his pasture where he placed and kept his own cattle. This is not the law. To be sure, under the statute, a man must have a lawful outside fence, or he cannot recover damages for a breach of it by cattle, but he need not enclose his land at all, unless he chooses; and he is in no wise responsible for cattle, not under his charge or control, entering his land, and passing from that to land adjoining it, whether there be a partition fence or not. There was another charge given which was excepted to, but as we see no error in it, it is conceived not to be necessary to extend this opinion by setting it out. Several charges were asked by the defendant and refused. We think they were correctly refused, but no good purpose will be subserved by setting them out here.

The judgment will have to be reversed on account of the error in giving the charge above set out.

The judgment below is reversed, with costs, and the cause remanded for a new trial.

*J. W. Evans* and *A. F. Shirts*, for appellant.

*G. H. Voss*, for appellee.