REDDICK v. NEWBURN, *Appellant.*

1. **Agister of Cattle**: LIABILITY FOR DAMAGES DONE BY THEM—AT COMMON LAW—UNDER THE STATUTE. It is a rule of the common law that an agister of cattle is liable for damages done by the cattle escaping from his own premises upon those of another; and this rule is not changed by section 5653, Revised Statutes, which makes the owner liable for damages where his cattle break into any inclosure having a lawful fence.

2. **Justices' Courts**: JURISDICTION: PRACTICE. If a defendant in a case appealed from a justice of the peace appears at the trial in the circuit court, he thereby waives any right he may have had to object to the jurisdiction of the justice.

*Appeal from Andrew Circuit Court.*—HON. H. S. KELLEY, Judge.

AFFIRMED.

*C. F. Boogher* and *W. W. Caldwell* for appellant.

*Sanders & Mercer* for respondent.

HOUGH, C. J.—Defendant had possession and control of a pasture in which about fifty head of stock belonging to himself and others, were pastured. This stock broke down the fences dividing the pasture from the adjacent cornfields and entered said fields and destroyed the crops of the plaintiff. Judgment was rendered against the defendant for the entire damage.

The defendant contends that he is liable only for the damage done by his own cattle.

Where cattle are straying upon the commons, or are otherwise at large, and break through a lawful fence and destroy crops, each owner is separately liable for the injury done by his cattle. *Partenheimer v. Van Order,* 20 Barb. 479 ; *Van Steenburgh v. Tobias,* 17 Wend. 562; *Auchmuty v. Ham,* 1 Denio 495 ; *Chipman v. Palmer,* 77 N. Y. 51· But where cattle are placed in the possession of another for agistment, the person having the absolute ownership is not liable for injuries done by them, but the agister is alone liable, unless the owner purposely selected an irresponsible or incompetent or untrustworthy bailee, in which event, he, also, would be liable. Judge Cooley, in his work on Torts, page 340, says: " The liability for the trespasses of animals is imposed, not because of ownership, but because of possession and the duty to care for them. Therefore, if they are in the hands of an agister, or of any one who, by agreement with the owner, has the care and custody of them for the time being, and are suffered to escape and do mischief, he, and not the owner, is the party

responsible." *Vide* also *Rossell v. Cottom*, 31 Pa. St. 525; *Ward v. Brown*, 64 Ill. 307, and *Cook v. Morea*, 33 Ind. 497.

This rule of the common law is not repealed by section 5653, Revised Statutes, making the owner liable for damages, where his cattle break into any inclosure having a fence of the height required by section 5652. Section 5653, as will be seen from an examination of the entire act, applies only to exterior fences. Similar enactments have been thus construed in other states. *Johnson v. Wing*, 3 Mich. 163; *Brady v. Ball*, 14 Ind. 317; *Cook v. Morea*, 33 Ind. 497; *Herold v. Meyers*, 20 Iowa 378; Cooley on Torts, 338. Other provisions are made in the act in regard to partition fences, and double damages are given for injuries resulting from a failure to keep them up. R. S., § 5661. Besides, it is not to be supposed that the legislature intended that where one farmer loans or hires, to another, his horses or oxen, and during such bailment, the bailee places such horses or oxen in his own pasture, and they break through a lawful partition fence and injure the crops of the adjoining proprietor, the owner of such stock should be liable for the damages.

The further point has been made in argument, that the justice of the peace who tried the cause, and to whom the case was transferred under an order changing the venue, made by the justice before whom the suit was instituted, had no jurisdiction over the defendant; but it appears that on appeal to the circuit court the defendant appeared and participated in the trial, and thereby waived any right he may have had to object to the jurisdiction of the justice over him.

The judgment of the circuit court will be affirmed. All concur, except Judge SHERWOOD, who dissents.