State, *ex rel.* Magnet, *v.* Kemp, Township Trustee.

awarding appellant a new trial, and the judgment is affirmed, with costs.

All concur.

Filed April 23, 1895.

———————◆———————

No. 17,356.

STATE, EX REL. MAGNET, *v.* KEMP, TOWNSHIP TRUSTEE.

PARTITION FENCE.—*Mandate to Compel Trustee to Rebuild and Repair, When Will Not Issue.*—*Complaint.*—A township trustee can not be compelled, by mandate, to rebuild and repair a partition fence, where it is not averred that he (the trustee) had examined it and declared it to be insufficient, but it is simply averred "that he [the trustee] failed to act in the matter, or take any steps in repairing or rebuilding said fence."

SAME.—*Mandate Against Trustee. — Necessary Allegations.*—To make the complaint and alternative writ sufficient, it should have been averred that the trustee had examined the fence and declared the same insufficient, for until that is done the trustee is under no obligation to repair or rebuild.

SUPREME COURT PRACTICE. — *Questioning Judgment. — Exceptions.* — Where no objection is made to the rendition of a judgment, and no question with reference to the same presented to the trial court (or ruled upon), it will not be considered an appeal.

From the Tipton Circuit Court.

*J. M. Fippen* and *J. M. Purvis,* for appellant.

*J. N. Waugh* and *J. P. Kemp,* for appellee.

MONKS, J.—This was a proceeding brought by appellant to compel appellee by writ of mandate to rebuild and repair a partition fence under the provisions of an act approved March 9, 1891, Acts 1891, p. 398, sections 6564, 6565, R. S. 1894.

The alternative writ of mandate commanded appellee as trustee of Jefferson township, in Tipton county, to

State, *ex rel.* Magnet, *v.* Kemp, Township Trustee.

repair and rebuild a certain partition fence on a line described in the writ, or show cause why the same should not be done.

It is averred in the verified complaint and set forth in the alternative writ that the relator, after giving the notice required by said act, called upon appellee and demanded that he examine said partition fence and that he cause to be furnished a sufficient amount of material and employ a suitable person or persons to rebuild and repair the same; that appellee failed to act in said matter or take any steps whatever toward the rebuilding or repairing said fence or causing the same to be done.

Appellee appeared and filed a return to the alternative writ in two paragraphs. The first paragraph was a general denial. A demurrer was filed and sustained to the second paragraph. Appellee thereupon filed an amended second paragraph of return, to which a demurrer was filed and overruled. Appellant filed a reply in two paragraphs. To the second paragraph of reply a demurrer was filed and sustained. It is then stated in the record, that plaintiff, failing and refusing to amend his pleadings, or plead further, abides said ruling and the court renders judgment against him on demurrer as upon default and final judgment was entered against appellant. No objection was made or exception taken to this action of the court, nor was any motion made to set aside, modify or change the judgment in any way. The errors assigned are:

First. That the court erred in overruling the demurrer to the amended second paragraph of answer.

Second. The court erred in sustaining the demurrer to the second paragraph of reply.

Third. That the court erred in rendering judgment as upon default while said cause was at issue and undisposed of.

There was no available error in overruling the demurrer to the amended second paragraph of answer, even if such paragraph were not good, for the reason that a bad answer is sufficient for a bad complaint. *Batty* v. *Fout*, 54 Ind. 482, and authorities cited.

It did not become the duty of the appellee to rebuild or repair the partition fence mentioned, until he had examined it and declared it to be insufficient. The averment is that he failed to act in the matter, or take any steps in repairing or rebuilding said fence. This was not sufficient to render the complaint and alternative writ sufficient upon the theory under which this proceeding was brought; it should be averred that appellee had examined the partition fence and declared the same insufficient. It is clear that until this is done the township trustee is under no obligation to repair or rebuild a partition fence under the provisions of said act.

It would have been proper for the court to have carried the demurrer to the amended second paragraph of answer back and sustained the same to the complaint and alternative writ. *Gould* v. *Steyer*, 75 Ind. 50, and authorities cited. Thornton Indiana Prac. Code, note to section 346.

There was no error in sustaining the demurrer to the second paragraph of reply.

No question is presented by the third error assigned. The general rule is, that objections not presented to and ruled upon by the trial court will not be considered on appeal. Elliott's App. Proced., section 470, and authorities.

No objection was made to the rendition of the judgment, nor was any question in reference to the same presented to or ruled upon by the trial court.

The act approved March 9, 1891, Acts of 1891, p. 398, sections 6564, 6565, R. S. 1894, *supra*, upon which this

proceeding is predicated, purports to amend sections 15 and 16 of an act concerning inclosures, trespassing animals and partition fences, approved June 4, 1852, R. S. 1852, p. 292, 1 G. & H. 342.

Section 15 of said act, approved June 4, 1852, was amended by an act approved December 19, 1865, Acts Special Session 1865, p. 182, and had ceased to exist when it was again amended by the act of 1891.

The question of the constitutionality of the act of 1891, *supra*, or any section thereof, is not presented or argued by counsel in their.briefs, and it is not necessary that we decide the question. But see *Feibleman* v. *State, ex rel.*, 98 Ind. 516, and authorities cited.

There is no available error in the record.

Judgment affirmed.

Filed April 26, 1895.